UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLEN L. BAILEY,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>        Defendant. | CASE NO.   C05-5110FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for February 24, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Allen Bailey, was born in October 1950. Plaintiff attended school through the tenth grade, and he has past work experience as a welder. In December of 1978, while working at Sea Tac Alaska Company, Mr. Bailey fell, injuring his low back, and a few months later injured his back a second time while he was trying to lift a heavy blower. This resulted in severe low back pain, muscle spasms, and left leg radiculopathy. Mr. Bailey was diagnosed with degenerative disc disease as well as spondylolisthesis. Mr. Bailey has not worked since May 1979.

On March 11, 2002, Mr. Bailey filed a claim for disability alleging an onset date of May 1, 1979.

REPORT AND RECOMMENDATION
Page - 1

His application was denied initially and upon reconsideration. Mr. Bailey filed a timely request for hearing before an Administrative Law Judge on September 24, 2002, and the ALJ published an unfavorable decision on July 20, 2004. The ALJ found that Mr. Bailey's severe impairments were related solely to his low back condition, and she did not consider borderline intellectual functioning as a severe impairment. The ALJ concluded that Mr. Bailey could perform light work in the form of delivery driver, parking lot attendant, and assembly worker.

Plaintiff requested a review of the ALJ's decision with the administration's Appeals Council, and on December 10, 2004, the Appeals Council affirmed the ALJ's decision. Mr. Bailey now seeks judicial review by this court pursuant to 42 U.S.C. § 405(g). Specifically, Mr. Bailey raises the following issues:

    1. Whether the Commissioner committed legal error when she did not find that Mr. Bailey's diminished intellectual capacity was a severe impairment.

    2. Whether the Commissioner committed legal error when she found that Mr. Bailey retained the ability to perform light work.

    3. Whether the Commissioner committed legal error when she found that Mr. Bailey could perform any work in the national economy.

    4. Whether the Commissioner committed legal err when she failed to consider the decision of disability reached by the Department of Labor ALJ.

    5. Whether the appropriate remedy is reversal with an award of benefits or remand or a supplemental hearing with a new Administrative Law Judge (ALJ).

After reviewing the record the undersigned finds the ALJ's decision is properly supported by substantial evidence and free of any legal error. The Court should affirm the administrative decision.

## DISCUSSION

This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th

REPORT AND RECOMMENDATION
Page - 2

Cir. 1984).

A.  *THE ALJ PROPERLY CONCLUDED MR. BAILEY'S DIMINISHED INTELLECTUAL CAPACITY WAS NOT A SEVERE IMPAIRMENT*

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

Here, the ALJ summarized the above standard, but found no severe mental impairment. The ALJ explained:

> The claimant testified that he is illiterate and has a low IQ. However, I have no hard evidence of learning or cognitive deficits other than reference to intelligence testing in the borderline mentally retarded range from a judge's decision for Longshore and Harbor Workers Compensation (Exhibit 2D). This is not binding, as it is not a substitute for actual evidence. I note the claimant was reported to have low average intelligence by the rehabilitation specialist, but no test results are reported (Exhibit 4 F, p. 4). The claimant testified that he cannot read the front page of the newspaper, but can read other parts of the paper. He drives and can read addresses. He also completed welding training at the Bates Vocational College. The claimant indicated that the teacher helped him so he did not need to do the "book reading" for the course.

Tr. 17.

As noted above, plaintiff's last date of employment was in May 1979, and his last date insured was June 30, 1982. Naturally the nearly twenty-year time lag between his last date of insured status and that date of his application for social security benefits, poses a relative challenge for Mr. Bailey to produce the medical evidence sufficient to establish disability. The ALJ notes that she did not have any first hand

medical evidence to support a finding of a severe impairment based on plaintiff's alleged diminished intellectual capacity. Defendant notes that the record is also void of any evidence that this condition got worse or as of his onset date of disability, or prior to his date last insured, and it had not prevented him from working as a welder, a card dealer and in various other occupations prior to his alleged onset date. The ALJ's decision is properly supported and free of legal error.

**B.    THE DEPARTMENT OF LABOR'S DECISION IS NOT BINDING UPON THE SOCIAL SECURITY ADMINISTRATION**

Findings of another administrative agency do not compel a finding of disability by the Social Security Administration. Parker v. Harris, 626 F.2d 225, 233 (2d Cir. 1980)   The Social Security regulations state the same:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504.

Plaintiff argues the Department of Labor's administrative decision binds the Social Security Administration. In 1980, following his work related injuries to his back, the Department of Labor, based on a stipulation by the parties involved, found that he was"permanently and totally disable as of March 7, 1980" (Tr. 50). In it's own written decision, the Department of Labor's ALJ explained, "[I]n reviewing the evidence of record in this matter I find no evidence from which I can make findings as to the precise nature of the physical capabilities required in claimant's former longshore work. Without such evidence I am, for §8(f) purposes, unable to enter a finding on the question of whether claimant's physical limitations (as variously depicted in the conflicting medical reports) do or do not preclude such work; the private parties, of course, are bound by their stipulation on the question" (Tr. 59).

In sum, the court finds no error in the ALJ's refusal to adopt or rely on the findings or conclusions made by the Department of Labor in 1980.

**C.    THE ALJ PROPERLY EVALUATED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a claimant

1 did in the past. 20 C.F.R. § 404.1520(e).  The ALJ is entitled to resolve conflicts in the medical evidence.
2 <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion
3 for that of qualified medical experts. <u>Walden v. Schweiker</u>, 672 F.2d 835, 839 (1 1th Cir. 1982). If a
4 treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion
5 without providing "specific and legitimate reasons" supported by substantial evidence in the record for
6 doing so. <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983). "The opinion of a nonexamining physician
7 cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an
8 examining physician or a treating physician." <u>Lester v. Chater</u>, 81 F.3d 821,831 (9thCir. 1996).

9   Here, plaintiff argues the ALJ erred when she found that Mr. Bailey retained the ability to perform
10 light work and when she found that Mr. Bailey could perform other work in the national economy, at step-
11 five of the administrative process.

12   After reviewing and summarizing the medical evidence on record, the ALJ evaluated Mr. Bailey's
13 RFC, concluding, "The claimant has the ability to lift 25 pounds occasionally and 10 pounds frequently. He
14 can sit for about 6 hours with breaks to get up and move about, and he can stand for about 4 hours a day if
15 the time is broken into 2-hour blocks in an 8-hour workday. Significant repetitive twisting or lateral
16 rotation would be restricted as well as repetitive work with his hands at shoulder level" (Tr. 17).  The ALJ
17 then went on to conclude that plaintiff, with his physical limitations, would not be able to perform past
18 relevant work. However, relying on a vocational expert's testimony, the ALJ ultimately concluded that Mr.
19 Bailey would be capable of making a successful adjustment to work that exists in significant numbers in the
20 national economy, for instance a delivery driver, parking lot attendant, or assembly worker (Tr. 19-20).

21   To the extent plaintiff's argument is based on the premise that the ALJ failed to include a severe
22 mental impairment due to his alleged diminished intellectual capacity, plaintiff's argument must fail. As
23 discussed above, the ALJ properly did not consider any severe impairments based on a diminished
24 intellectual capacity. With respect to the ALJ's evaluation of plaintiff's RFC, the court further finds that
25 the medical evidence properly supports the ALJ's decision. The opinions of Dr. Sales, Dr. Gilman, Dr.
26 Zindt, and Dr. Birkeland, support the ALJ's assessment of his capacity to work.

## CONCLUSION

28   Based on the foregoing, the court should AFFIRM the administrative decision. Pursuant to 28

U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 24, 2006**, as noted in the caption.

DATED this 2nd day of February, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6